LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com
kkalkowski@kcnvlaw.com

*Attorneys for Defendants*
*LVMPD, Fred Boncy, Harrison Porter and Robert Steinbach*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ROWE, | Case No.:   2:21-cv-00724-JAD-BNW |
| Plaintiff, | |
| vs. | **LVMPD DEFENDANTS' MOTION TO STAY DISCOVERY** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Defendants, Las Vegas Metropolitan Police Department, Fred Boncy, Harrison Porter and Robert Steinbach ("LVMPD Defendants"), by and through their counsel, Kaempfer Crowell, move to stay discovery in this case until the Court resolves LVMPD Defendants' pending Motion for Dismiss, (ECF No. 9).  A stay is warranted because LVMPD Defendants' Motion to Dismiss will resolve all claims in this matter.  LVMPD Defendants attempted to meet and confer with Plaintiff before moving to stay proceedings.  Plaintiff initially agreed but later stated he would not sign the stipulation agreeing to the stay.  As such, this Motion is necessary.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

20210908 Mtn to Stay Discovery FINAL   6943.245

Page 1 of 6

DATED this 8th day of September, 2021.

KAEMPFER CROWELL

By: /s/ Lyssa S. Anderson
LYSSA S. ANDERSON (Nevada Bar No. 5781)
RYAN W. DANIELS (Nevada Bar No. 13094)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
*Attorneys for Defendants*
*LVMPD, Fred Boncy, Harrison Porter and Robert Steinbach*

**Exhibit List**

**Exhibit A:** August 12, 2021 E-mail from Plaintiff to Kris Kalkowski

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

This case arises from Plaintiff's allegations that he received improper medical care after his femur was broken. Plaintiff went to make a police report where he encountered Officer Bouncy initially and then Sgt. Porter and Detective Steinbach. Plaintiff was referred to an attorney by the LVMPD Defendants as Plaintiff wanted Officers to investigate the various medical providers under NRS 200.495; a civil statute. Plaintiff now brings suit alleging that his First Amendment rights were violated. It is the position of the LVMPD Defendants that Plaintiff's claim is not supported by law and should be dismissed.

A.   **Procedural History**

Plaintiff filed suit on May 3, 2021. Plaintiff's Complaint alleges a single claim against the LVMPD Defendants for a First Amendment violation. The LVMPD Defendants were served with the Complaint and filed a Motion to Dismiss. [ECF No. 9]. The LVMPD Defendants contend that Plaintiff's claim fails because it fails to state a claim upon which relief can be

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

20210908 Mtn to Stay Discovery FINAL   6943.245

Page 2 of 6

granted. [ECF No. 9].

Plaintiff filed a Response to the Motion to Dismiss, [ECF No. 13] and the LVMPD Defendants filed a Reply, [ECF No. 15]. Plaintiff has also filed two separate Motions for Sanctions [ECF Nos. 16 and 18] relating to the Motion to Dismiss. This Court has already denied the first Motion for Sanctions at ECF No. 16. [ECF No. 17].

There currently is no Scheduling Order in place and the Motion to Dismiss is fully briefed and pending.

### B. Meet-and-Confer Attempt

The LVMPD Defendants' Counsel, Kris Kalkowski, had a telephone call with Plaintiff on the afternoon of August 12, 2021. A proposed Stipulation to Stay Discovery pending the outcome of the Motion to Dismiss was discussed. Plaintiff agreed to review and consider a Stipulation. A draft Stipulation was prepared and e-mailed to Plaintiff for consideration. That same night, Plaintiff responded to Counsel's e-mail not approving the Stipulation but advising he intended to file another Motion for Sanctions. **Exhibit A**. Now, the LVMPD Defendants bring this Motion.

## II.   ARGUMENT

LVMPD Defendants seek a brief stay of discovery in this case until the Court resolves the fully briefed and pending Motion to Dismiss, [ECF No. 9]. Federal Rule of Civil Procedure 26 authorizes the Court to enter such a stay, and this Court has broad discretion in making that decision. *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007); *Rosenstein v. Clark Cty. Sch. Dist.*, No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *2 (D. Nev. June 23, 2014). Three factors guide the Court's decision: (a) the pending motion is potentially dispositive of all claims in the case; (b) the potentially dispositive motion can be decided without additional discovery; and (c) the Court has taken a "preliminary peek" at the merits of the potentially

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

20210908 Mtn to Stay Discovery FINAL   6943.245

Page 3 of 6

dispositive motion "and finds the motion sufficiently meritorious to warrant a stay." *Martinez v. Las Vegas Metro. Police Dep't*, No. 2:20-cv-00618-JCM-NJK, 2020 WL 3166611, at *1 (D. Nev. June 9, 2020) (citing *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013)).

A. **The Pending Motion Is Likely Dispositive of the Sole Claim in This Case.**

The LVMPD Defendants' Motion to Dismiss lays out two bases as to why Plaintiff's sole claim for First Amendment violation is futile. First, as stated above, Plaintiff's claim involves LVMPD Officers not taking a police report from him related to his allegations that he received improper medical care causing him damage. The Motion to Dismiss cites to various controlling law as to why Plaintiff's claim fails. For example, Plaintiff's complaint concerning his medical care is not an issue of "public concern" but is merely his own concern. And, LVMPD is not the proper place for investigation into possible claims of "health insurance fraud"; the Commissioner and Attorney General are. [ECF No. 9].

B. **LVMPD Defendants' Motion to Dismiss Does Not Require Additional Discovery.**

No party needs additional discovery to resolve the issues raised in the LVMPD Defendants' to Dismiss. This Motion requires review only of Plaintiff's allegations on their face and in the light most favorable to him. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.") (internal quotations omitted). As a result, granting a stay would not deprive either party from facts or evidence needed to advance this case on its merits.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

20210908 Mtn to Stay Discovery FINAL   6943.245

Page 4 of 6

      C.    **LVMPD Defendants' Motion to Dismiss Has a High Likelihood of Success on Its Merits and Is Unopposed.**

Plaintiff's sole claim simply cannot survive the Motion to Dismiss. Indeed, Plaintiff's Opposition to the Motion to Dismiss, [ECF No. 13], fails to present any legal arguments in opposition to the Motion. [ECF No. 15]. Plaintiff merely reasserts his allegations from the Complaint. Plaintiff's lack of a substantive response bolsters the fact that Plaintiff's claim is related to a private matter and not a matter of "public concern" making it impossible to proceed.

### III.  CONCLUSION

The parties have not yet engaged in discovery and there has been no Scheduling Order entered. Because this matter involves a sole claim, even if it were to survive the pending Motion to Dismiss, there will be minimal discovery. There will be no prejudice to any party from a stay. The claim is solely based on law. As such, a stay of discovery pending the outcome of the Motion to Dismiss is in the best interest of the parties and this Court.

DATED this 8th day of September, 2021.

KAEMPFER CROWELL

By:   */s/ Lyssa Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
RYAN W. DANIELS (Nevada Bar No. 13094)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135

*Attorneys for Defendants
LVMPD, Fred Boncy, Harrison Porter
and Robert Steinbach*

### Order

IT IS ORDERED that ECF No. 21 is GRANTED as unopposed under Local Rule 7-2(d). IT IS FURTHER ORDERED that the hearing set for 11/16/2021 on this motion is VACATED.

IT IS SO ORDERED
DATED: 11:16 am, September 24, 2021



BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

20210908 Mtn to Stay Discovery FINAL   6943.245

Page 5 of 6

**CERTIFICATE OF SERVICE**

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD DEFENDANTS' MOTION TO STAY DISCOVERY** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

Michael Rowe
2300 E. Silverado Ranch Blvd., Suite 1025
Las Vegas, NV 89183
vegassm@icloud.com

*Plaintiff, Pro Se*

DATED this 8th day of September, 2021.

_____
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

20210908 Mtn to Stay Discovery FINAL  6943.245

Page 6 of 6