1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3    Michael Rowe,                                    Case No.: 2:21-cv-00724-JAD-BNW

4              Plaintiff

5    v.                                               **Order Granting Motion to Dismiss and
                                                       Denying Motion for Sanctions**
6    Las Vegas Metropolitan Police Department,
     et al.,                                          [ECF Nos. 9, 18]
7
               Defendants
8

9          Pro se plaintiff Michael Rowe sues the Las Vegas Metropolitan Police Department

10   (Metro) and three of its officers, alleging that they violated his First Amendment right to petition

11   by refusing to take a written police report and investigate Rowe's suspicions about an alleged

12   insurance-fraud conspiracy.  The defendants move to dismiss for failure to state a claim, and

13   Rowe moves for sanctions against them for filing a frivolous motion.  Because the defendants

14   haven't engaged in improper conduct, I decline to sanction them.  And because Rowe cannot

15   show and has not demonstrated that the defendants violated a constitutionally protected right, I

16   grant the motion to dismiss without leave to amend and direct the Clerk of Court to close this

17   case.

18                                        **Background**

19         In December 2020, Rowe had surgery to repair a fractured femur.[1]  In the months that

20   followed, he had follow-up appointments with his surgeon, Dr. Silverberg, and began physical

21   therapy at ATI Physical Therapy with Madelyn McCullough.[2]  He contends that he should have

22

23   _____

     [1] ECF No. 8 at ¶¶ 14–15.

     [2] *Id.* at ¶¶ 20–34.

begun physical therapy sooner than he did.  Rowe believes that these medical professionals "deceived him by saying physical therapy can be done later[,] which is a lie" and operated under "a guise to allow . . . scar tissue to form in his knee."[3]  Rowe "strongly believes he ha[s] become the victim of an insurance[-]fraud scheme [in which] the health care [sic] professionals . . . intentionally altered the course of his treatments by omitting the fact [that] he needed physical therapy directly after surgery."[4]

Believing he had been "defrauded by everyone"[5] and feeling "an obligation to prevent this type of thing from happening to someone's loved ones,"[6] Rowe "gathered all his evidence" and went to a Metro police station, seeking to file a report under NRS § 200.495.[7]  He hoped that Metro would investigate the insurance-fraud scheme he believed Dr. Silverberg, the hospital, and ATI were perpetuating.[8]  While at the station, he spoke to Officer Fred Boncy, who "explained that NRS [§] 200.495 is a medical malpractice statute" and that Rowe would need to obtain a lawyer and pursue a civil claim.[9]  Boncy wrote on a sticky note that the statute "is not a [s]tatute police investigate."[10]  When Rowe insisted that Metro could investigate, Sergeant Harrison Porter and Detective Robert Steinbach tried to explain to Rowe why Metro couldn't investigate the issue.[11]  "They reiterated everything . . . Boncy said" and declined to take a written police

---

[3] *Id.* at ¶¶ 21, 33.

[4] *Id.* at ¶ 27.

[5] *Id.* at ¶ 29.

[6] *Id.* at ¶ 38.

[7] *Id.* at ¶ 39.  NRS § 200.495 is Nevada's criminal-neglect-of-patients law.

[8] *Id.* at ¶ 46.

[9] *Id.* at ¶ 41.

[10] *Id.* at ¶ 43.

[11] *Id.* at ¶¶ 42–44.

report.[12]   Rowe alleges that Metro "has been continuously and systematically depriving him of the ability to file police reports."[13]   The defendants now move to dismiss Rowe's complaint under Federal Rule of Civil Procedure (FRCP) 12(b)(6) for failure to state a claim.[14]   And Rowe moves to sanction the defendants under FRCP 11.

## Discussion

### I.   Rowe fails to state a claim for violation of his right to petition.

Rowe alleges that the defendants violated his First Amendment right to petition and are thus liable under 42 U.S.C. § 1983.[15]   "To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law."[16]   The federal pleading standards require plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face."[17]   This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[18] plaintiffs must make "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable

---

[12] *Id.* at ¶ 42, 44.

[13] *Id.* at ¶ 47.

[14] ECF No. 9.

[15] *Id.* at ¶¶ 52–55.

[16] *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

legal theory."[19]  If "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory,"[20] then the complaint must be dismissed.[21]

No party disputes that Metro and its officers are state actors.  So the narrow issue before the court is whether Rowe had a constitutional right that the defendants violated.  Rowe maintains that he had "a constitutional right to file a police report requesting that the police investigate the potential crime of intentional omission of physical therapy" under NRS § 200.495.[22]  The defendants counter that "the entirety of [Rowe's] grievance does not involve a matter of public concern" and thus "is not protected by the First Amendment."[23]  Rowe responds that "[t]o argue NRS [§] 200.495 is not of public concern is like arguing the [p]olice [d]epartment [o]ffice should not exist."[24]

Although I reach the same conclusion as the defendants that Rowe's complaint must be dismissed, I don't apply the public-concern test, as they urge.  Reliance on that test is misplaced. The Supreme Court has held that "[o]utside the public employment context, constitutional protection for petitions does not necessarily turn on whether those petitions relate to a matter of public concern."[25]  All of the cases the defendants rely on involve plaintiff-employees—not members of the public, like Rowe—suing their employer-government agencies under § 1983 for

---

[19] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (other citations omitted)).

[20] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

[21] *Twombly*, 550 U.S. at 570.

[22] ECF No. 8 at ¶ 49.

[23] ECF No. 9 at 3, 5.

[24] ECF No. 13 at 6.

[25] *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 394 (2011).

adverse employment actions in retaliation for the employees' speech.[26]  Those cases flow from

*Pickering v. Board of Education*, in which the Supreme Court held "that a public employee does

not relinquish First Amendment rights to comment on matters of public interest by virtue of

government employment."[27]  Because Rowe hasn't alleged that he is a public employee suing his

government-employer, the public-concern test doesn't apply.[28]

Instead, the inquiry turns to the Petition Clause itself and whether Rowe had a right under

that clause to file a written police report with Metro.  Courts have long recognized that "the right

to petition extends to all departments of the [g]overnment," including "administrative agencies

(which are both creatures of the legislature[] and arms of the executive)."[29]  Although the parties

seem to imply that the right to petition is one that must be exercised in writing, courts have not

so held.  For example, in *Pearson v. Welborn*, the Seventh Circuit held that "[n]othing in the

First Amendment itself suggests that the right to petition for redress of grievances only attaches

when the petitioning takes a specific form," concluding that a prisoner's oral complaints to

prison officials were protected First Amendment activity under the Petition Clause.[30]  I agree

with the courts that have addressed this issue, adopt the same reasoning, and find that Rowe's

---

[26] ECF No. 9 at 3–5 (citing *Connick v. Myers*, 461 U.S. 138, 148 (1983); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 926–27 (9th Cir. 2004); *Roe v. City and Cty. of San Francisco*, 109 F.3d 578, 585 (9th Cir. 1997); *Gordon v. City of New York*, 612 Fed. Appx. 629 (2d Cir. 2015); *Houskins v. Sheahan*, 549 F.3d 480 (7th Cir. 2008); *Hutchinson v. Bear Valley Cmty. Servs. Dist.*, 191 F. Supp. 3d 1117, 1124, 1126 (E.D. Cal. 2016) (citing *Guarnieri*, 564 U.S. 379)).

[27] *Connick*, 461 U.S. at 140 (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968)).

[28] *See Connick*, 461 U.S. at 147–48; *Pickering*, 391 U.S. at 574.

[29] *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

[30] *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("We are also unconvinced that the form of expression—i.e., written or oral—dictates whether constitutional protection attaches."). *See also Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 n.55 (3d Cir. 2016); *Garcia v. Foulk*, 2020 WL 564791 at *9 (E.D. Cal. Feb. 5, 2020).

right to petition need not have been exercised in writing.  It thus follows that Rowe's oral conversation with the defendants at the police station constituted an exercise of his right to petition for redress of grievances.

Rowe alleges that he spoke with the three officer-defendants about his suspicions of a health insurance-fraud scheme involving Dr. Silverberg, the hospital, and ATI.[31]  Although the officers did not take a written report of his concerns, they heard Rowe's grievance.[32]  It is well established that "[t]he freedom to petition protects the public's right to address the government, nothing more."[33]  And "[t]he government may refuse to listen or respond to the petitioner."[34] Further, "[t]he police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty o[r] property."[35]  In sum, Rowe's right to petition included the right to make his grievance known to Metro, which he did.  The Constitution imposed no affirmative obligation on the defendants to investigate or act on the information Rowe shared with them.  Their decision not to take a written report from Rowe was therefore not a violation of Rowe's right to petition, as he had already exercised that right orally.

Even if Rowe's oral grievance to the defendants did not constitute an exercise of his right to petition and he was blocked from petitioning Metro, an avenue of redress is open to him in another branch of government, as the defendants point out.[36]  The Nevada Legislature has

---

[31] ECF No. 8 at ¶¶ 39–44.

[32] *Id.* at ¶ 41.

[33] *Gerber v. Herskovitz*, 14 F.4th 500, 512 (6th Cir. 2021).

[34] *Id.* (citing *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984)).

[35] *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing *DeShaney v. Winnebago Cnty.*, 489 U.S. 189, 195–96 (1989)).

[36] ECF No. 9 at 5–6.

designated the Commissioner of Insurance[37] to have "exclusive jurisdiction in regulating the subject of trade practices in the business of insurance in" Nevada.[38]  And the Commissioner is authorized to "establish a program . . . to investigate any act or practice which constitutes an unfair or deceptive trade practice."[39]  By statute, anyone who suspects insurance fraud "shall report any information concerning insurance fraud to the Commissioner and Attorney General on a form prescribed by the Commissioner and Attorney General."[40]  Those entities then review the report and determine whether to conduct an investigation.[41]  Rowe acknowledges that he could report the insurance-fraud scheme to these other state agencies and even concedes that before he went to the police station, he "had already reported the insurance fraud to the [Attorney General's] Office."[42]  Metro's refusal to investigate Rowe's complaint—over which it lacks jurisdiction—was merely a recognition that the Nevada Legislature vests that power exclusively in a different agency.  It was not a violation of Rowe's constitutional rights.

I therefore find that Rowe has failed to state a claim upon which relief can be granted because he hasn't demonstrated that the defendants violated his right to petition.  Although FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires,"[43] the Supreme Court has recognized that "undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment" are reason enough to deny such

---

[37] Nev. Rev. Stat. § 679A.060.

[38] *Id.* § 686A.015(1).

[39] *Id.* § 686A.015(2).

[40] *Id.* § 686A.283(1).

[41] *Id.* § 686A.283(2)–(3).

[42] ECF No. 13 at 6.

[43] Fed. R. Civ. P. 15(a).

leave.[44]  I find that amendment would be futile because Rowe cannot show that his right to petition was violated, and another avenue of petitioning was open to him.[45]  So I grant the defendants' motion to dismiss without leave for Rowe to amend.

## II.    The defendants haven't engaged in sanctionable conduct.

Rowe moves for sanctions against the defendants for "completely bypass[ing] responding to [Rowe's] complaint by filing a completely frivolous motion to dismiss" and "attempt[ing] to reverse existing law by making [a] frivolous legal argument."[46]  Contending that the defendants' motion "is a form of legal misconduct under bar rules for lawyers," Rowe argues that the defendants' counsel was "attempting to obtain an improper dismissal" and urges that they "should be sanctioned by any means the [c]ourt deems proper."[47]  In opposition, the defendants maintain that Rowe's motion fails on procedural grounds and "no sanction-worthy conduct has occurred."[48]

Attorneys are subject to sanctions if they bring a motion for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," make legal contentions that are not "warranted by existing law," or make frivolous arguments.[49]  FRCP 11 sets procedural requirements for bringing a sanctions motion, including a "safe-harbor rule" that the moving party must notify the opposing party of its intent to seek sanctions and must wait 21

---

[44] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[45] Even if the Attorney General's office received Rowe's insurance-fraud complaint and did not investigate it—which he hasn't alleged—that would also not constitute a violation of Rowe's right to petition because the Attorney General's Office too has no affirmative duty to respond. *See, e.g.*, *Gini*, 40 F.3d at 1045 (citing *DeShaney*, 489 U.S. at 195–96).

[46] ECF No. 18 at 1–2.

[47] *Id.* at 2–3.

[48] ECF No. 19 at 2.

[49] Fed. R. Civ. P. 11(b).

days before filing the motion with the court, thus giving the opposing party the opportunity to correct the error before bringing it to the court's attention.[50]  The defendants note that Rowe notified them by phone on August 12, 2021, of his intent to file a motion for sanctions, and then filed it the next day.[51]  They contend that Rowe "flatly ignored the 21-day 'safe-harbor'" rule and that his motion "fell well short of the procedures mandated by FRCP 11."[52]  Indeed, Rowe did.  Just one day—not 21—passed between Rowe's notice to the defendants and his filing of the motion.  So Rowe's motion for sanctions must be denied as procedurally deficient.

Even if I were to excuse the motion's procedural deficiencies, it fails on its merits because Rowe hasn't demonstrated that the defendants engaged in sanctionable conduct.  Before bringing this motion for sanctions, Rowe filed another for similar reasons, contending that the defendants were improperly seeking dismissal.[53]  Magistrate Judge Weksler denied that motion, finding that "[t]he motion does not describe the specific conduct by [d]efendants that allegedly violates [FRCP] 11(b), and the [c]ourt cannot conceive of a reason why [d]efendants' motion to dismiss would be sanctionable."[54]  Although Rowe added some argument to his current motion,[55] he has again failed to establish that the defendants have engaged in sanctionable conduct.

To the extent that Rowe urges me to sanction the defendants for filing a motion to dismiss instead of an answer, this is unwarranted.  The Federal Rules of Civil Procedure expressly authorize defendants to file a motion to dismiss for failure to state a claim—as the

---

[50] Fed. R. Civ. P. 11(c)(2).

[51] ECF No. 19 at 4.  *See also* ECF No. 18 (filed August 13, 2021).

[52] ECF No. 19 at 3–5.

[53] ECF No. 16 at 1.

[54] ECF No. 17 (docket entry of minute order).

[55] *Compare* ECF No. 16 *with* ECF No. 18.

defendants have done here—before filing an answer.[56]  The defendants' decision to file a motion to dismiss in lieu of an answer was therefore entirely appropriate.  As the defendants aptly point out, "disagreement among the parties it not a basis for sanctions."[57]  Indeed, it's the hallmark of civil litigation.  So I deny Rowe's motion for sanctions.

### Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 9] is GRANTED**.  The amended complaint is **DISMISSED in its entirety**, without leave to amend.  IT IS FURTHER ORDERED that Rowe's motion for sanctions **[ECF No. 18] is DENIED**.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 7, 2022

---

[56] Fed. R. Civ. P. 12(b).

[57] ECF No. 19 at 3.